IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Darrel Stamper
    Plaintiff

        Case No. 7:18-cv-01407-DCC-KFM

-v-

        JURY TRIAL DEMANDED

Medicredit Inc.
    Defendant

## PLAINTIFF VERIFIED COMPLAINT

1. This is an action brought by Plaintiff, Darrel Stamper, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA").

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331 and §1367, Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

## PARTIES

3. Plaintiff, Darrel Stamper, is a natural person and citizen of the State of South Carolina, Cherokee County.

4. Defendant Medicredit, Inc. ("Medicredit") is a Missouri corporation with principal offices located in St. Louis, MO and whose registered agent for service of process in the CT Corporation System 2 Office Park Court - Suite 103, Columbia SC 29223. Medicredit Inc does business in South Carolina.

5. Plaintiff contends that this is common practice by the Defendants nationwide and

Plaintiff plans on propounding discovery to identify others that may have been affected by the Defendants collection practice with use of ATDS capable equipment and prerecorded messages..

## FACTUAL ALLEGATIONS

6. From May 2015 thru September 2015 Defendants, Defendant made 15 phone calls to plaintiff home phone leaving automated messages.. *Following pre-recorded voice message below was left :*

**Hello we are calling from Medicredit on the behalf of Spartanburg Physician, this is a call from a debt collector please return our call at 888-213-9688 Monday thru Friday during normal business hours. Thanks You**

**MEDICREDIT CALLS TO MY HOME PHONE**

5/30/15  Call from 888-213-9688 at or about 1:02pm...Pre-recorded message was left

6/2/15 Call from 888-213-9688 at or about 2:48pm..Pre-recorded message was left

6/6/15 Call from 888-213-9688 at or about 9:15am Pre-recorded message was left

6/13/15 Call from 888-213-9688 at or about 11:27am Pre-recorded message was left

6/17/15 Call from 888-213-9688 at or about 12:39pm Pre-recorded message was left

6/23/15 Call from 888-213-9688 at or about 1:59pm.. Pre-recorded message was left

6/25/15 Call from 888-213-9688 at or about 3:51pm .Pre-recorded Message was left

6/27/15 Call from 888-213-9688 at or about 8:24am..Pre-recorded message was left

6/27/15 Call from 888-213-9688 at or about 8:29am..Pre-recorded message was left

6/29/15 Call from 888-213-9688 at or about 10:27am,,Pre-recorded message was left

7/8/15 Call from 888-213-9688 at or about 3:51pm..Pre-recorded message was left

7/9/15 Call from 888-213-9688 at or about 7:17pm…Pre-recorded message was left

7/16/15 Call from 888-213-9688 at or about 8:28am…Pre-recorded message was left

7/20/15 Call from 888-213-9688 to cell at 11:03am..Pre-recorded message was left

7/25/15 Call from 888-213-9688 to cell at or about 7:03pm..Pre-recorded message was left

7. Upon information and belief, all of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system or ATDS or prerecorded both as defined by 47 U.S.C. § 227.

8. On the 4 occasion February 2015 thru March 2015, when Plaintiff see the defendant toll free number **888-213-9688** would answer Defendant's call he stated to agent to "quit calling this number" or "quit calling this phone" but hear dead-air or the agents wouldn't response and just end the call.

9. Upon answering the calls, Plaintiff was met with various pauses or sometimes clicking sound automated prompts, or dead air that is form indicated of automatic telephone dialer use.

10. Plaintiff did not give his home phone number to Medicredit Inc nor expressly or impliedly consent to Defendant's placement of telephone calls to his telephone in efforts to collect a debt by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

11. Defendant made several phone calls within a twenty-four hour period using multiple telephone numbers using a auto dialer and calls where made to collect an alleged debt.

12. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I). And calls were made without consent to do so, express or otherwise of the Plaintiff having been given. In doing so, Medicredit Inc

violated Plaintiff's rights to privacy under 47 U.S.C. §227 et seq.

13. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

14. From May 2015 thru July 2015 Defendants made 15 individual calls to Plaintiff's phone using ATDS capable equipment with recorded messages using automatic telephone dialing systems or artificial or prerecorded voices on Plaintiff home phone without consent.

15. Medicredit Inc violated the TCPA by calling Plaintiff's phone 15 times with no prior permission given by Plaintiff.

16. Medicredit Inc violated the TCPA by leaving 15 recorded messages on Plaintiff home phone that in the Plaintiff name, without express permission. *See Exhibit A*

17. Defendant made reference to call them back at 888-213-9688 by leaving automated voice mail messages. Upon information and belief said number is used by ATDS to place calls in connection its debt collection operations for a debt that not in my name.

18. Defendant made 15 calls to Plaintiff home phone from May 2015 thru July 2015 with the attempt collect on a debt. And Plaintiff did not have any contractual agreement with the defendant.

19. Defendant left **automate messages or prerecorded messages without his consent** would reference to call "Medicredit Inc ", and the **call was to attempt to collect to a debt**. Plaintiff doesn't have any business relationship or debt with the Defendant.

20. As outlined above, on number of occasion Defendant would leave a prerecorded voicemail message on my home phone.

21. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

22. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

23. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

24. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

25. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect an alleged debt.

26. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA.

27. Plaintiff doesn't owe the Defendant any money.

28. Plaintiff never had any contractual agreement or obligation with the defendant.

29. Medicredit made calls and left pre-recorded and/or automated messages to the Plaintiff home phone May 2015 to July 2015 without his consent.

30. Plaintiff residential line/home phone number is 864-206-4026.

31. Upon information and belief, Medicredit placed the telephone calls to Plaintiff identified above willfully and knowingly in that they consciously and deliberately made the calls referenced herein, and consciously and deliberately left, and intended to leave, voicemail messages using an artificial or prerecorded voice message.

32. Upon information and belief, Defendant had knowledge that they were using, and intended to use, an automatic telephone dialing system to make and/or an artificial or prerecorded voice to place the telephone calls identified above

## COUNT 1
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227

33. Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 32 as if set forth fully herein.

34. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227 (A) to make any call (other than a call made for emergency purpose or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre recorded voice.

35. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227 (b) to initiated any telephone call to any residential telephone line using an artificial or pre recorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purpose

36. Defendants has committed 15 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. 227(b)(3)(B).

37. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The 15 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional calls.

38. The Plaintiff has never given permission to call Plaintiffs home phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Medicredit Inc do not have an established business relationship within the meaning of 47 U.S.C. §227

WHEREFORE, Plaintiff demands judgment for damages against Medicredit Inc . for actual, statutory damages, and punitive damages, attorney's fees and costs

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

**A.** Statutory damages of $500.00 from Defendant for each and every negligent Violation (15 calls) of the TCPA;

**B.** Treble statutory damages of $1,500.00 for each and every one of the 15 calls made to the Plaintiffs' home phones by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

**C.** For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

**D.** For this matter to be heard by a jury; and

**E.** For such other and further relief as this Court deems necessary and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law

Respectfully Submitted,

*[signature]*
Darrel Stamper
300 Marion Ave
Gaffney SC 29341
darrelkstamper93@gmail.com
**Plaintiff Pro Se'**


Oglestree, Deakins Nash
Smoak & Stewart, P.C.

Lucas J. Asper
300 North Main St, Suite 500
Greenville SC 29601
**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Darrel Stamper
    Plaintiff

Case No. 7:18-cv-01407-DCC-KFM

-v-

**JURY TRIAL DEMANDED**

Medicredit Inc.
    Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this below, served true and correct copies of the following documents: Response to the Defendant Motion to Dismiss for Failure to state claim or for more definite statement via mail, with sufficient postage affixed, addressed to

Oglestree, Deakins Nash
Smoak & Stewart, P.C.
Lucas J. Asper
300 North Main St, Suite 500
Greenville SC 29601
**Attorney for Defendant**

Dated: September _4__, 2018