IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Darrell Stamper, | C/A No: 7:18-cv-01407-DCC-KFM |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S SECOND MOTION TO DISMISS** |
| Medicredit, Inc., | |
| Defendant. | |

Plaintiff's Amended Complaint [EFC #32] alleges that Medicredit, Inc. ("Medicredit"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") when it called a residential phone to collect a debt. [ECF # 32 ¶¶ 6, 10, 11, 17, 18, 19, 25]. This Court narrowed the allegations of the Amended Complaint to calls placed to the Plaintiff's residential phone and alleged violations of 47 U.S.C. § 227(b)(1)(B) [ECF #45, Page 7].[1] Medicredit now raises a purely legal issue for the Court's determination, which is dispositive of the Plaintiff's Amended Complaint. Specifically, calls to a residential phone to collect on a debt are exempt from 47 U.S.C. § 227(b)(1)(B) as a matter of law. Because the Amended Complaint, therefore, fails to state a claim for which relief can be granted under the TCPA, and the TCPA is the only grounds for the Amended Complaint, the case should be dismissed.

### I.    Plaintiff's Amended Complaint Does Not Allege a Violation of the TCPA as a Matter of Law.

In this case, the Amended Complaint alleges that "[f]rom May 2015 thru September 2015 Defendants, Defendant made 15 phone calls to plaintiff home phone leaving automated

---

[1] Based on this ruling, Medicredit reads all of Amended Complaint references to a "phone", or "telephone", to be a residential phone, and disregarded all allegations related to 47 U.S.C. §227(b)(l)(A).

messages." [ECF #32 ¶ 6]. The allegation is based on the statutory language of the TCPA which makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice…unless..[the call] **is exempted by rule or order by the Commission[2] under paragraph (2)(B)**." 47 U.S.C. § 227(b)(1)(B) **(emphasis added).** The Commission is granted authority to prescribe regulations to implement the TCPA in 47 U.S.C. § 227(b)(2)(B), including by the authority to exempt from § 227(b)(1)(B) "such classes or categories of **calls made for commercial purposes** as the Commission determines." 47 U.S.C. § 227(b)(2)(B)(ii) **(emphasis added)**. Because of the express authority granted to the FCC by the TCPA statute, the FCC is the arbiter of which calls are exempt under the TCPA. Under this authority, the FCC created an exception which provides that 47 U.S.C. § 227(b)(1)(B) will not apply where a call is "made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing" 47 C.F.R. § 64.1200(a)(3)(iii).

The FCC has not created a specific exemption for debt collection concluding that it "is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 F.C.C.R. 8752, 8773 (F.C.C. Oct. 16, 1992); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 10 F.C.C.R. 12391, 12400 (F.C.C. Aug.7, 1995). The FCC language is sufficiently broad that it covers calls made to both debtors and non-debtors. *See* 7 F.C.C.R. at 8771–72, and *Meadows v. Franklin Collection Service, Inc.*, 414 Fed.Appx. 230 (11th Cir. 2011). As a result, calls to a residential phone to collect on a debt are exempt from 47 U.S.C. § 227 (b)(1)(B) and, therefore, do not violate the TCPA. *See Shupe v. JPMorgan Chase Bank, N.A.*, 671 Fed. Appx. 419 (9th Cir. 2016)

---

[2] The Federal Communications Commission or the "FCC."

In this case, the Amended Complaint includes a transcript of the messages allegedly received on the Plaintiff's residential telephone:

> Hello we are calling from Medicredit on the behalf of Spartanburg Physician, this is a call from a debt collector please return our call at 888-213-9688 Monday thru Friday during normal business hours. Thanks You

[ECF #32 ¶ 6]. The transcript of the alleged calls to the residential telephone is clear that the calls were collecting on a debt and does not include or introduce an unsolicited advertisement. This transcript from the Amended Complaint falls squarely into the exemption created by the Commission at 47 C.F.R. § 64.1200(a)(3)(iii). Because these calls to a residential telephone are exempted by the FCC, Plaintiff's allegations fail to state a claim for which relief may be granted.

The *Meadows* Court specifically noted that in the context of residential telephone calls, "the FCC has determined that *all debt collection* circumstances are excluded from the TCPA's coverage." *Id.* (emphasis in original). This decision concentrated on the purpose of the call not the recipient of the call. The *Meadows* Court affirmed that as in this case, [b]ecause [defendant] had an existing relationship with the intended recipient of its prerecorded calls, and the calls were made for a commercial, non-solicitation purpose" those calls to residential telephones are exempt from the TCPA's prohibitions. *Meadows,* 414 Fed.Appx. at 235. The court's conclusion also considered that a contrary ruling would place a debt collector in violation of the TCPA anytime it called a debtor's number and another member of the debtor's family answered the phone. *Id.*

In this case, as in *Meadows*, the FCC conclusion that the TCPA § 227(b)(1)(B) will not apply where a call to a residential telephone is "made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing" exempts the calls alleged in the Amended Complaint from TCPA liability as a matter of law.  As a result, the Amended

3

Complaint fails to state a claim for which relief may be granted by this court, and the case should be dismissed.

WHEREFORE, Medicredit, Inc. respectfully requests that the Court enter an order dismissing the Complaint. Medicredit additionally requests the Court enter such other or additional relief as the Court deems just and proper.

Respectfully submitted,

*s/Robert L. Brown*
Robert L. Brown, (DCID #10255)
**Willson Jones Carter & Baxley, PA**
3600 Forest Drive, Suite 204
Columbia, SC 29204
rlbrown@wjlaw.net

*Attorney for Defendant*